UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

JACOB ALEJANDRO,

                    Plaintiff,

          -against-

CITY OF NEW YORK; Lieutenant JORGE TAVAREZ; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                    Defendants.

------------------------------------------------------------------x

**COMPLAINT**

15 CV 6482

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and Section 14-151 of the Administrative Code of the City of New York.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Jacob Alejandro ("plaintiff" or "Mr. Alejandro") is an openly gay man residing in Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Lieutenant Jorge Tavarez, ("Tavarez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Tavarez is sued in his individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 7:30 p.m. on June 29, 2014, Mr. Alejandro was lawfully in the vicinity of Christopher Street and Weehawken Street attending the New York City Gay Pride Parade.

13. Without justification, an officer forcefully pushed Mr. Alejandro to the ground, causing plaintiff to suffer bodily injury.

14. While Mr. Alejandro lay on the ground bleeding, a defendant officer yelled, in sum, "get the fuck up you faggot."

15. As Mr. Alejandro was on the ground, defendants violently piled on top of him and arrested him without probable cause or reasonable suspicion to believe he had committed any crime or offense.

16. During the arrest, plaintiff, a diabetic, requested medical attention but was denied the same.

17. Mr. Alejandro was eventually taken to the 6th Precinct.

18. From the Precinct, plaintiff was taken to Bellevue Hospital Center where his glucose levels were measured to be at or around 311.

19. Mr. Alejandro was also treated for injuries to his ribs, left arm, and elbows.

20. Plaintiff was eventually taken back to the 6th Precinct.

21. At the Precinct defendants falsely informed employees of the New York County District Attorney's Office that they had observed plaintiff engage in disorderly conduct and resisting arrest.

22. At no point did defendants observe Mr. Alejandro commit any crime or offense.

23. Plaintiff was taken to Manhattan Central Booking, also known as the "Tombs."

24. Mr. Alejandro was eventually arraigned in New York County Criminal Court where he was released on his own recognizance.

25. After approximately twenty-four hours in custody, plaintiff was released.

26. Following his release, Mr. Alejandro sought medical treatment for his injuries at Coney Island Hospital ("CIH").

27. Medical care providers at CIH diagnosed Mr. Alejandro with a closed fracture to his ribs.

28. The criminal charges against Mr. Alejandro were ultimately dismissed.

29. Upon information and belief, defendants took law enforcement action with regard to Mr. Alejandro based solely on his actual and/or perceived sexual orientation.

30. Mr. Alejandro suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

33. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

36. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

39. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that

there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

40. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

### FOURTH CLAIM
### Unreasonable Force

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

43. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. The individual defendants created false evidence against plaintiff.

46. The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

47.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

48.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

49.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

51.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

52.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Bias-Based Profiling

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. In initiating law enforcement action against Mr. Alejandro based on his actual and/or perceived sexual orientation rather than Mr. Alejandro's behavior or other information linking him to suspected unlawful activity the defendant officers engaged in bias-based profiling in violation of Section 14-151(c)(i) and (ii) of the Administrative Code of the City of New York.

55. Accordingly, plaintiff is entitled to injunctive and declaratory relief, along with reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) An order enjoining defendants from engaging in further bias-based profiling against plaintiff;

(d) A declaration that plaintiff has been subjected to discrimination through bias-based profiling by defendants;

(e) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(f) Such other and further relief as this Court deems just and proper.

Dated: August 17, 2015
New York, New York

HARVIS & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@civilrights.nyc

*Attorneys for plaintiff*