

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**DANIEL H. OLINER**
phone: (212) 356-2329
fax: (212) 356-3509
doliner@law.nyc.gov

November 13, 2015

**BY ECF**
Honorable Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    <u>Alejandro v. City of New York, et al.</u>
                15-CV-06482 (GHW)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the Office of the Corporation Counsel, and assigned to represent defendant The City of New York (hereinafter referred to as "Defendant") in the above-referenced matter. I write, with the consent of plaintiff's counsel, Baree Fett, Esq., to respectfully request a stay of this matter, pending the outcome of the Civilian Complaint Review Board's ("CCRB") prosecution of the individual defendant, Lieutenant Jorge Tavarez.

      By way of background, plaintiff alleges, *inter alia*, that on or about June 29, 2014, he was falsely arrested and subjected to excessive force. <u>See generally</u>, Complaint. Plaintiff names the City of New York, Lieutenant Jorge Tavarez (hereinafter referred to as "Lt. Tavarez"), and unidentified police officers as defendants. According to the Civil Docket Report, the City of New York and Lt. Tavarez were served on or about August 26, 2015. <u>See generally</u>, Civil Docket Report. This case is currently proceeding pursuant to Local Civil Rule § 83.10 (formerly the Section 1983 Plan) however, and, accordingly, their answers are due on November 16, 2015. Upon information and belief, CCRB has been investigating this incident, and has substantiated charges against Lt. Tavarez in connection with same. The matter has been referred to the CCRB's Administrative Prosecution Unit ("APU"), and assigned to a prosecutor.

      There are several reasons Defendant believes a stay is the most efficient manner to proceed in this action. As the Court is aware, N.Y. Gen. Mun. L. § 50-k obliges the Corporation Counsel to reach a conclusion as to whether an employee acted within the scope of his employment at the time of the underlying incident in order to assume that employee's representation. Specifically, N.Y. Gen. Mun. L. § 50-(k)(2) requires this office to determine

whether the individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." Id.; see also Mercurio v. City of N.Y., 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting Williams v. City of N.Y., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (stating that the decision to represent individual defendants is made by the Corporation Counsel as set forth in state law). Accordingly, the outcome of the disciplinary prosecution by APU may very well impact the legal representation of Lt. Tavarez, and it could also effect and resolution of this matter at mediation. Moreover, this Office's ability to meet with or interview Lt. Tavarez is restricted during the pendency of the APU's prosecution because of the potential that a conflict of interest may arise between Lt. Tavarez and the City. At the very least, the limitation on this Office's contact with Lt. Tavarez significantly hampers the City's efforts to gather facts and assess the case to respond intelligently to the complaint.

Although a timeframe for completion of these proceedings is speculative, the assigned APU Prosecutor anticipates that the proceedings will be completed by the end of June 2016. The parties have discussed exchanging limited document discovery in the event of further delay so as to prevent any prejudice to plaintiff's claims. Moreover, the trial proceedings will likely provide additional evidence and testimony which the parties may consider in their settlement postures and litigation pertaining to this matter, as they continue to follow course of Local Civil Rule § 83.10.

Based on the foregoing, Defendant respectfully requests that the Court stay this matter pending the outcome of the CCRB's prosecution of the individual defendant, Lt. Tavarez. Defendant suggests that this Office file a status letter apprising the Court and plaintiff's counsel as to the status of the prosecution on June 15, 2016. In the event the Court is not inclined to grant Defendant's request for a stay, Defendant respectfully requests that its time to answer the Complaint be enlarged to and including November 30, 2015, and hopes that the Court will, *sua sponte*, similarly enlarge Lt. Tavarez's time to respond to the Complaint so that his defenses are not prejudiced.

Thank you for your consideration herein.

        Respectfully submitted,

        /s/

        Daniel H. Oliner
        Assistant Corporation Counsel
        Special Federal Litigation Division

cc:    Baree Nichole Fett
        Harvis, Wright, Saleem & Fett LLP
        *Attorneys for plaintiff*
        (*via ECF*)